AKIN GUMP STRAUSS HAUER
  & FELD LLP
Cono A. Carrano (*pro hac vice to be filed*)
Email: ccarrano@akingump.com
David C. Vondle (Bar No. 221311)
Email: dvondle@akingump.com
Ashraf A. Fawzy (*pro hac vice to be filed*)
Email: afawzy@akingump.com
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

Reginald D. Steer (Bar No. 056324)
Email: rsteer@akingump.com
580 California Street, Suite 1500
San Francisco, CA 94104
Telephone: (415) 765-9500
Facsimile: (415) 765-9501

Attorneys for Plaintiff
SYNAPTICS INCORPORATED

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SYNAPTICS INCORPORATED<br><br>Plaintiff,<br><br>v.<br><br>GOODIX TECHNOLOGY INC., SHENZHEN HUIDING TECHNOLOGY CO., LTD. A/K/A SHENZHEN GOODIX TECHNOLOGY CO., LTD.,<br><br>and<br><br>BLU PRODUCTS, INC.,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT** |

Plaintiff Synaptics Incorporated ("Synaptics" or "Plaintiff") files this Complaint for Patent Infringement against Defendants Goodix Technology Inc. ("Goodix"), Shenzhen Huiding Technology Co., Ltd. a/k/a Shenzhen Goodix Technology Co., Ltd. ("Shenzhen Goodix") (Goodix and Shenzen Goodix are referred to as "the Goodix Defendants"), and BLU Products, Inc. ("BLU"), and alleges as follows:

## THE PARTIES

1. Plaintiff Synaptics is a Delaware corporation having its principal place of business at 1251 McKay Drive, San Jose, California 95131.

2. Upon information and belief, Defendant Goodix is a California corporation having its principal place of business at 6370 Lusk Boulevard, Suite F204, San Diego, California 92121. Goodix may be served with process by serving its registered agent for service of process, Fan Zhang, 6370 Lusk Boulevard, Suite F204, San Diego, California 92121.

3. Upon information and belief, Defendant Shenzhen Goodix is a Chinese corporation having its principal place of business at Floor 2 and 13, Phase B, Tengfei Industrial Building, Futian Freetrade Zone, Shenzhen 518000, China, and is the parent company of Defendant Goodix.

4. Upon information and belief, Defendant BLU is a Delaware corporation having its principal place of business at 10814 NW 33rd Street, No. 100, Doral, Florida 33172. BLU may be served with process by serving its Delaware registered agent for service of process, The Company Corporation, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. BLU may also be served with process by serving its Florida registered agent for service of process, Bernard L. Egozi, Egozi & Bennett, P.A., 2999 NE 191st Street, Suite 407, Aventura, Florida 33180.

## JURISDICTION

5. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant Goodix because its principal place of business is within the State of California and because, upon information and belief, it conducts, transacts and/or solicits business within this judicial district. Upon information and belief, Goodix has infringed and continues to infringe one or more claims of the patents-in-suit within this judicial district by engaging in substantial activities, including marketing, selling and/or offering to sell the infringing products in this judicial district. Personal jurisdiction is also proper because, upon information and belief, Goodix, acting alone or in concert with third parties, has intentionally caused and continues to cause injury in this district.

7. This Court has personal jurisdiction over Defendant Shenzhen Goodix because, upon information and belief, it conducts, transacts, and/or solicits business within this judicial district. Upon information and belief, Shenzhen Goodix has infringed and continues to infringe one or more claims of the patents-in-suit within this judicial district by engaging in substantial activities, including marketing, selling, and/or offering to sell the infringing products in this judicial district. Personal jurisdiction is also proper because, upon information and belief, Shenzhen Goodix, acting alone or in concert with third parties, has intentionally caused and continues to cause injury in this district.

8. This Court has personal jurisdiction over Defendant BLU because, upon information and belief, it conducts, transacts, and/or solicits business within this judicial district. Upon information and belief, BLU has infringed and continues to infringe one or more claims of the patents-in-suit within this judicial district by engaging in substantial activities, including marketing, selling, and/or offering to sell the infringing products in this judicial district.

Personal jurisdiction is also proper because, upon information and belief, BLU, acting alone or in concert with third parties, has intentionally caused and continues to cause injury in this district.

**VENUE**

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) in that acts of patent infringement have occurred in this District and a substantial part of the events giving rise to Synaptics' claims occurred in this District. Synaptics has suffered injuries as a result of these acts of patent infringement in this District.

**INTRADISTRICT ASSIGNMENT**

10. This is an Intellectual Property Action assigned on a district-wide basis pursuant to Local Rule 3-2(c).

**PATENTS-IN-SUIT**

11. On January 11, 2011, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,868,874 ("the '874 Patent"), entitled "Methods and Systems for Detecting a Position-Based Attribute of an Object Using Digital Codes." A true and correct copy of the '874 Patent is attached as Exhibit A.

12. On December 25, 2012, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,338,724 ("the '724 Patent"), entitled "Methods and Systems for Detecting a Position-Based Attribute of an Object Using Digital Codes." A true and correct copy of the '724 Patent is attached as Exhibit B.

13. On October 15, 2013, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,558,811 ("the '811 Patent"), entitled "Methods and Systems for Detecting a Position-Based Attribute of an Object Using Digital Codes." A true and correct copy of the '811 Patent is attached as Exhibit C.

14. On February 10, 2015, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,952,916 ("the '916 Patent"), entitled "Methods and

Systems for Detecting a Position-Based Attribute of an Object Using Digital Codes." A true and correct copy of the '916 Patent is attached as Exhibit D.

15. Synaptics is the owner of all rights, title, and interest in and to the '874 Patent, the '724 Patent, the '811 Patent, and the '916 Patent (the "Patents-In-Suit").

16. The Patents-In-Suit are valid and enforceable.

17. To the extent any marking or notice was required by 35 U.S.C. § 287(a), all requirements under 35 USC § 287(a) have been satisfied with respect to the Patents-in-Suit.

## FACTUAL BACKGROUND

18. Synaptics is a leading developer of human interface devices, and provides a broad portfolio of touch, display, and biometrics products, which are built on the company's rich R&D and supply chain capabilities. Synaptics' capacitive sensing technologies enable interfaces between the user and mobile devices and enhance the performance of touchscreens. In particular, Synaptics is the leading designer and developer of complex, high-performance touchscreen products and solutions that optimize the performance of consumer electronics, including smart phones, tablets, and notebooks.

19. As a result of its commitment to innovation, design, and research and development, Synaptics has become a global leader in the industry and has grown considerably since its beginnings. Together with its wholly owned subsidiaries, Synaptics now employs over 1700 people worldwide, including almost 600 people at its headquarters in San Jose, California, and holds about 1500 issued or pending patents worldwide.

20. Upon information and belief, the Goodix Defendants design, develop, make or have made, use, offer to sell, sell and/or import touch controllers such as the GT915 touch controller that use Synaptics' innovative technology. The GT915 touch controller is incorporated into products, for example smart phones such as the BLU Studio 5.0C HD sold by Defendant BLU in the United States, including in this District. The Goodix Defendants made or

have made, used, offered for sale, sold, and/or imported at least the GT915 touch controller, which is incorporated into devices sold by Defendant BLU such as the BLU Studio 5.0C HD, without authorization from Synaptics or payment for the use of Synaptics' innovative technology, to the detriment and injury of Synaptics.

21. Upon information and belief, infringing Goodix products, including but not necessarily limited to the Goodix Defendants' GT915 touch controller, and products containing the infringing Goodix products, including but not limited to devices sold by BLU such as the BLU Studio 5.0C HD (collectively, the "Accused Products"), have been and continue to be made or have made, used, offered for sale, sold, and/or imported throughout the United States, including in this District.

## COUNT I: INFRINGEMENT OF THE '874 PATENT

22. Synaptics re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1-21 of the Complaint as if fully set forth herein.

23. On information and belief, the Goodix Defendants and BLU have infringed and continue to infringe one or more claims of the '874 Patent by making or having made, using, offering for sale, selling, and/or importing the Accused Products in the United States, including within this District. The Goodix Defendants and BLU are liable for infringement of the '874 Patent, either literally or under the doctrine of equivalents, individually or jointly, pursuant to 35 U.S.C. 271(a), (b), and (c).

24. On information and belief, the Goodix Defendants and BLU knowingly induce others to infringe one or more claims of the '874 Patent. The inducement of infringement includes, but is not limited to: (i) knowledge of the '874 Patent at least as of the filing date of this Complaint; (ii) intent to induce direct infringement of the '874 Patent; (iii) knowingly aiding and abetting infringement by providing instruction manuals, directions, guides, and other documents that aid and/or instruct the purchaser or user of an Accused Product to use the device

in a manner that infringes claims of the '874 Patent and/or to sell devices that incorporate an Accused Product; and (iv) actual or constructive knowledge that its actions induce infringement.

25. On information and belief, the Goodix Defendants and BLU are also liable for contributory infringement because they offer to sell or sell within the United States or import into the United States the Accused Products for use in practicing certain claims of the '874 Patent and constituting a material part of the invention claimed by the '874 Patent, knowing the same to be especially made or especially adapted for use in an infringement of the '874 Patent, which Accused Products are not a staple article or commodity of commerce suitable for substantial noninfringing use. In addition, the Goodix Defendants and BLU have knowledge of the '874 Patent at least as of the filing date of this Complaint.

26. The Goodix Defendants and BLU will continue to infringe the '874 Patent unless restrained and enjoined by this Court.

27. Synaptics has been, and continues to be, damaged by the infringement of the Goodix Defendants and BLU. Synaptics is suffering and will continue to suffer irreparable harm for which there is no adequate remedy at law, unless this Court enjoins the infringement of the '874 Patent by the Goodix Defendants and BLU.

28. As a result of the acts of infringement by the Goodix Defendants and BLU, Synaptics has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT II: INFRINGEMENT OF THE '724 PATENT

29. Synaptics re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1-21 of the Complaint as if fully set forth herein.

30. On information and belief, the Goodix Defendants and BLU have infringed and continue to infringe one or more claims of the '724 Patent by making or having made, using, offering for sale, selling, and/or importing the Accused Products in the United States, including within this District. The Goodix Defendants and BLU are liable for infringement of the '724

Patent, either literally or under the doctrine of equivalents, individually or jointly, pursuant to 35 U.S.C. 271(a), (b), and (c).

31. On information and belief, the Goodix Defendants and BLU knowingly induce others to infringe one or more claims of the '724 Patent. The inducement of infringement includes, but is not limited to: (i) knowledge of the '724 Patent at least as of the filing date of this Complaint; (ii) intent to induce direct infringement of the '724 Patent; (iii) knowingly aiding and abetting infringement by providing instruction manuals, directions, guides, and other documents that aid and/or instruct the purchaser or user of an Accused Product to use the device in a manner that infringes claims of the '724 Patent and/or to sell devices that incorporate an Accused Product; and (iv) actual or constructive knowledge that its actions induce infringement.

32. On information and belief, the Goodix Defendants and BLU are also liable for contributory infringement because they offer to sell or sell within the United States or import into the United States the Accused Products for use in practicing certain claims of the '724 Patent and constituting a material part of the invention claimed by the '724 Patent, knowing the same to be especially made or especially adapted for use in an infringement of the '724 Patent, which Accused Products are not a staple article or commodity of commerce suitable for substantial noninfringing use. In addition, the Goodix Defendants and BLU have knowledge of the '724 Patent at least as of the filing date of this Complaint.

33. The Goodix Defendants and BLU will continue to infringe the '724 Patent unless restrained and enjoined by this Court.

34. Synaptics has been, and continues to be, damaged by the infringement of the Goodix Defendants and BLU. Synaptics is suffering and will continue to suffer irreparable harm for which there is no adequate remedy at law, unless this Court enjoins the infringement of the '724 Patent by the Goodix Defendants and BLU.

35. As a result of the acts of infringement by the Goodix Defendants and BLU, Synaptics has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT III: INFRINGEMENT OF THE '811 PATENT

36. Synaptics re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1-21 of the Complaint as if fully set forth herein.

37. On information and belief, the Goodix Defendants and BLU have infringed and continue to infringe one or more claims of the '811 Patent by making or having made, using, offering for sale, selling, and/or importing the Accused Products in the United States, including within this District. The Goodix Defendants and BLU are liable for infringement of the '811 Patent, either literally or under the doctrine of equivalents, individually or jointly, pursuant to 35 U.S.C. 271(a), (b), and (c).

38. On information and belief, the Goodix Defendants and BLU knowingly induce others to infringe one or more claims of the '811 Patent. The inducement of infringement includes, but is not limited to: (i) knowledge of the '811 Patent at least as of the filing date of this Complaint; (ii) intent to induce direct infringement of the '811 Patent; (iii) knowingly aiding and abetting infringement by providing instruction manuals, directions, guides, and other documents that aid and/or instruct the purchaser or user of an Accused Product to use the device in a manner that infringes claims of the '811 Patent and/or to sell devices that incorporate an Accused Product; and (iv) actual or constructive knowledge that its actions induce infringement.

39. On information and belief, the Goodix Defendants and BLU are also liable for contributory infringement because they offer to sell or sell within the United States or import into the United States the Accused Products for use in practicing certain claims of the '811 Patent and constituting a material part of the invention claimed by the '811 Patent, knowing the same to be especially made or especially adapted for use in an infringement of the '811 Patent, which Accused Products are not a staple article or commodity of commerce suitable for

substantial noninfringing use. In addition, the Goodix Defendants and BLU have knowledge of the '811 Patent at least as of the filing date of this Complaint.

40. The Goodix Defendants and BLU will continue to infringe the '811 Patent unless restrained and enjoined by this Court.

41. Synaptics has been, and continues to be, damaged by the infringement of the Goodix Defendants and BLU. Synaptics is suffering and will continue to suffer irreparable harm for which there is no adequate remedy at law, unless this Court enjoins the infringement of the '811 Patent by the Goodix Defendants and BLU.

42. As a result of the acts of infringement by the Goodix Defendants and BLU, Synaptics has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT IV: INFRINGEMENT OF THE '916 PATENT

43. Synaptics re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1-21 of the Complaint as if fully set forth herein.

44. On information and belief, the Goodix Defendants and BLU have infringed and continue to infringe one or more claims of the '916 Patent by making or having made, using, offering for sale, selling, and/or importing the Accused Products in the United States, including within this District. The Goodix Defendants and BLU are liable for infringement the '916 Patent, either literally or under the doctrine of equivalents, individually or jointly, pursuant to 35 U.S.C. 271(a), (b), and (c).

45. On information and belief, the Goodix Defendants and BLU knowingly induce others to infringe one or more claims of the '916 Patent. The inducement of infringement includes, but is not limited to: (i) knowledge of the '916 Patent at least as of the filing date of this Complaint; (ii) intent to induce direct infringement of the '916 Patent; (iii) knowingly aiding and abetting infringement by providing instruction manuals, directions, guides, and other documents that aid and/or instruct the purchaser or user of an Accused Product to use the device

in a manner that infringes claims of the '916 Patent and/or to sell devices that incorporate an Accused Product; and (iv) actual or constructive knowledge that its actions induce infringement.

46. On information and belief, the Goodix Defendants and BLU are also liable for contributory infringement because they offer to sell or sell within the United States or import into the United States the Accused Products for use in practicing certain claims of the '916 Patent and constituting a material part of the invention claimed by the '916 Patent, knowing the same to be especially made or especially adapted for use in an infringement of the '916 Patent, which Accused Products are not a staple article or commodity of commerce suitable for substantial noninfringing use. In addition, the Goodix Defendants and BLU have knowledge of the '916 Patent at least as of the filing date of this Complaint.

47. The Goodix Defendants and BLU will continue to infringe the '916 Patent unless restrained and enjoined by this Court.

48. Synaptics has been, and continues to be, damaged by the infringement of the Goodix Defendants and BLU. Synaptics is suffering and will continue to suffer irreparable harm for which there is no adequate remedy at law, unless this Court enjoins the infringement of the '916 Patent by the Goodix Defendants and BLU.

49. As a result of the acts of infringement by the Goodix Defendants and BLU, Synaptics has suffered and will continue to suffer damages in an amount to be proved at trial.

**PRAYER FOR RELIEF**

Plaintiff Synaptics prays for the following relief:

A. A judgment for Synaptics that Defendants are directly and indirectly infringing the Patents-in-Suit in violation of 35 U.S.C. § 271;

B. Temporary and permanent injunctive relief enjoining Defendants, their officers, directors, affiliates, agents, servants, employees, and all those persons in privity or in concert with any of them from directly or indirectly making, using, selling, offering to sell, importing,

and having imported into the United States the Accused Products or inducing infringement of the Patents-in-Suit;

  C. An award of damages for the Defendants' infringement of the Patents-in-Suit, together with interest (both pre- and post-judgment interest), costs, and disbursements as determined by this Court under 35 U.S.C. § 284;

  D. A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Synaptics its reasonable attorney fees; and

  E. Such other and further relief in law or in equity to which Synaptics may be justly entitled.

Dated: April 17, 2015

Respectfully Submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By:   /s/ Reginald D. Steer
Reginald D. Steer (Bar No. 056324)
Email: rsteer@akingump.com
580 California Street, Suite 1500
San Francisco, CA 94104
Telephone: (415) 765-9500
Facsimile: (415) 765-9501

Cono A. Carrano (*pro hac vice to be filed*)
Email: ccarrano@akingump.com
David C. Vondle (Bar No. 221311)
Email: dvondle@akingump.com
Ashraf A. Fawzy (*pro hac vice to be filed*)
Email: afawzy@akingump.com
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

Attorneys for Plaintiff
Synaptics Incorporated